IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JACKIE HAILE,              )
                           )
v.                         )     No. 3:14-1811
                           )
CAROLYN W. COLVIN,         )
    Acting Commissioner of )
    Social Security        )


To: The Honorable Waverly D. Crenshaw, Jr., United States District Judge


**REPORT AND RECOMMENDATION**

The *pro se* Plaintiff filed this case on September 8, 2014. Defendant filed a motion to dismiss for lack of subject matter jurisdiction on November 13, 2014 (Docket Entry No. 11), and by order entered November 25, 2014 (Docket Entry No. 14),[1] Plaintiff was given until December 31, 2014 to file a response to the motion. Plaintiff has not filed a response to the motion.

On March 25, 2015, Defendant filed a motion to show cause why Plaintiff's complaint should not be dismissed for failure to prosecute (Docket Entry No. 17). The Court granted this motion, and by order entered July 31, 2015 (Docket Entry No. 18),[2] Plaintiff was given until August 31, 2015 to file a response to the motion to show cause and the motion to dismiss. In that order, the Court warned Plaintiff that if she did not file a response to these motions by August 31, 2015, her case could be dismissed for failure to comply with the Court's orders and

---

[1] This order was sent to Plaintiff via certified mail (Docket Entry No. 15), and the return receipt was signed by Jackie Haile on December 30, 2014 (Docket Entry No. 16).

[2] This order was also sent to Plaintiff via certified mail (Docket Entry No. 19), and the return receipt was signed by Jackie Haile on August 7, 2015 (Docket Entry No. 20).

for failure to prosecute in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has not filed a response to either motion.

It is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "fail[ure] to prosecute or to comply with these rules or a court order[.]" Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff.[3] *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam), *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff has had ample opportunity to prosecute this case. She was notified of her obligation to file a response to Defendant's motion to dismiss by order entered November 25, 2014. She was later notified of her obligation to file a response to both Defendant's motion to dismiss and Defendant's motion to show cause by order entered July 31, 2015. However, contrary to the Court's orders, Plaintiff has not filed a response to either of these motions, nor made any filings in this case. Even after the Court granted Defendant's motion to show cause and warned Plaintiff that her case could be dismissed if she did not respond to these motions by August 31, 2015, Plaintiff has not taken further action to prosecute this case.

---

[3] Dismissals pursuant to Rule 41(b) may be accomplished by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

**RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that this action be DISMISSED for Plaintiff's failure to prosecute this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[4]

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[4] In light of this recommendation, Defendant's motion to dismiss for lack of subject matter jurisdiction (DE 11) is rendered moot.